WELLS, J.,
dissenting.
I dissent to the quashing of the Third District Court of Appeal’s decision in this case. In the State’s response to this Court’s order to show cause following the Court’s decision in Hilton v. State, 961 So.2d 284 (Fla.2007), the State submitted:
In this case, the State presented the testimony of the officer who stopped the vehicle. The officer testified the car Petitioner was riding in was stopped for having a shattered, driver’s side window which still had loose shards of glass and which were capable of being blown about by the wind as the vehicle picked up speed. The shattered glass rendered the vehicle unsafe to the motoring public as well as the driver where the shards of glass were loose and capable of flying within the vehicle as well as striking other motorists.
Respondent’s Response to Order to Show Cause at 2. In view of the majority opinion in Hilton, I believe that this Court must take this case because of the uncertainty that opinion leaves as to how dangerous defects in a motor vehicle must be for a traffic enforcement officer to stop the vehicle. Surely an “objectively reasonable” law enforcement officer should stop a vehicle with the glass damage here described for the safety of all of us who use our streets and highways.
BELL, J., concurs.